UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Charity Sportsman,                          Civil No. 17-1064 (DWF/KMM)
as Trustee for the Heirs and
Next-of-Kin of Terry G. Sportsman, Jr.,

         Plaintiff,

v.                                                              **ORDER**

California Overland, Ltd., a Minnesota
corporation, and David V. Juneau,

         Defendants.

This matter is before the Court on a Motion to Certify Choice of Law Order for Interlocutory Appeal brought by Defendants California Overland, Ltd. and David V. Juneau (Doc. No. 48). For the reasons set forth below, the Court denies the motion.

The facts of this matter were previously outlined in the Court's April 18, 2018 Memorandum Opinion and Order. Briefly, this is a wrongful death action arising out of a fatal car accident involving decedent Terry G. Sportsman, Jr. and Defendant David V. Juneau. The accident occurred on June 14, 2015 on a highway in Wisconsin. Decedent's wife, Charity Sportsman, is the Plaintiff in this matter and asserts claims against Juneau and his employer, California Overland, Ltd., a Minnesota corporation that operates a nationwide trucking business. Mr. and Mrs. Sportsman were Illinois residents, and Ms. Sportsman continues to reside in Illinois with her two minor children. Additional next-of-kin claimants such as Mr. Sportsman's parents are also Illinois residents.

Following limited choice-of-law discovery, both parties moved the Court for an order determining the appropriate law to apply to this action. (Doc. Nos. 15, 18, 23.) Minnesota and Wisconsin law differ in wrongful death actions with respect to the amount of available damages and the number of potential claimants. *See generally* Minn. Stat. § 573.02; Wis. Stat. §§ 895.03, 895.04. Specifically, Minnesota law permits recovery in "the amount the jury deems fair and just" and "for the exclusive benefit of the surviving spouse and next of kin." Minn. Stat. § 573.02. Wisconsin law imposes a $350,000 cap on companionship damages and does not permit next-of-kin claimants to recover along with a surviving spouse. *See* Wis. Stat. § 895.04. On April 18, 2018, the Court issued an order determining that Minnesota law governs in this case. (Doc. No. 44.) Defendants now move to certify the April 18, 2018 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (Doc. Nos. 48, 49.) Plaintiffs oppose the motion. (Doc. No. 52.)

Courts of appeals have jurisdiction over "all final decisions of the district courts." 28 U.S.C. § 1291. A district court may designate an otherwise non-final order as certified for interlocutory appeal under 28 U.S.C. § 1292(b). This statute provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Thus, under this provision, there are three criteria required for certification: "(1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the

ultimate termination of the litigation." *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994) (quotation marks and citation omitted). Section 1292(b) is "to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation. It was not intended merely to provide review of difficult rulings in hard cases." *Union Cty., Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (citation omitted). Thus, motions seeking interlocutory appeal "must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White*, 43 F.3d at 376. Courts should permit interlocutory appeals under 28 U.S.C. § 1292(b) "with discrimination" due to the increased burdens that such "piece-meal appeals" place on the courts and litigants. *See Union Cty.*, 525 F.3d at 646 (quoting *White*, 43 F.3d at 376).

Because the choice of Minnesota law over Wisconsin law "exposes Defendants to 'materially different' financial exposure," Defendants argue that there can be no "reasonable resolution of this case so long as the choice of law issue remains appealable." (Doc. No. 49 at 1.) Defendants argue that all three factors, particularly the third factor, favor granting interlocutory appeal. Specifically, Defendants assert, "[a] final decision on the choice of law issue will influence the course of this lawsuit, including discovery, settlement, and trial, the latter of which is far less likely to occur once a conclusive decision on the choice of law issue has been made." (*Id.* at 1-2.) Plaintiff, on the other hand, argues that Defendants have not met their burden to establish the propriety of interlocutory appeal. The Court addresses the three relevant criteria in turn, below.

On the first factor, Defendants point out that numerous federal courts have concluded that choice-of-law issues are controlling questions of law and argue that "the choice of law issue is, in this particular case, a controlling question for which an immediate appeal is not only appropriate, but absolutely necessary." (*Id.* at 6.) Plaintiff disputes that the choice-of-law issue presents a controlling question of law, emphasizing that "importance of an issue does not make it controlling." (Doc. No. 52 at 3.) According to Plaintiff, the fact-driven nature of the choice-of-law inquiry and the well-settled choice of law analysis under Minnesota law make it inappropriate for interlocutory appeal.

The Court agrees with Plaintiff. The Court's choice-of-law decision in this matter presents a mixed question of law and fact improper for interlocutory appeal because it involved the application of Minnesota's five choice-influencing considerations to the evidentiary record before the Court. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Donaldson Co.*, Civ. No. 10-4948, 2015 WL 4898662, at *3-4 (D. Minn. Aug. 17, 2015) (suggesting that "mixed questions of law and fact" are improper for interlocutory appeal and stating that "[c]hallenging the application of settled law to a specific set of facts is not a question of law" (citation omitted)). The Eighth Circuit has described the choice-of-law inquiry as "a legal one" which is reviewed "de novo." *See Schwan's Sales Enters., Inc. v. SIG Pack, Inc.*, 476 F.3d 594, 596 (8th Cir. 2007); *Hughes v. Wal-Mart Stores, Inc.*, 250 F.3d 618, 620 (8th Cir. 2001). However, the resolution of such an inquiry is also highly fact-dependent. *See Frazier v. Bickford*, Civ. No. 14-CV-3843, 2015 WL 8779872, at *3 (D. Minn. Dec. 15, 2015) (noting that "Minnesota's choice of

4

law analysis is well settled" and concluding that "the choice of law determination is a fact driven question not suitable for interlocutory appeal"). As one Circuit Court of Appeals has suggested, "[t]he antithesis of a proper § 1292(b) appeal is one that turns on . . . whether the district court properly applied settled law to the facts or evidence of a particular case." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004). The Court concludes that the first criterion for certifying an interlocutory appeal is not met as the Court's choice-of-law decision in this case did not involve a controlling question of law.

With respect to the second factor, Defendants acknowledge that the Eighth Circuit would apply the same choice-of-law factors as this Court applied, but argue that "it is quite possible, perhaps even likely, that the appellate court would disagree with the Court's analysis" upon de novo review. (Doc. No. 49 at 7.) Defendants take issue with the Court's choice-of-law analysis and argue that the Court incorrectly weighed the facts in reaching its decision. In contrast, Plaintiff argues that the question presented by the choice-of-law motions is not an extraordinary one and emphasizes that "disagreement does not amount to substantial grounds for a difference of opinion." (Doc. No. 52 at 4.) Plaintiff also contends that this factor is not met because the choice-of-law standard is not disputed and was correctly applied by the Court.

The Court finds that even if the Court's choice-of-law determination addressed a controlling question of law, it did not present a question over which there is a substantial ground for difference of opinion. It is well-established that Minnesota courts apply five choice-influencing considerations in resolving choice-of-law disputes, and federal courts

in this district routinely apply this standard in diversity cases.  *See Jepson v. Gen. Cas. Co. of Wis.*, 513 N.W.2d 467, 470 (Minn. 1994); *see also, e.g.*, *Mid-Continent Eng'g, Inc. v. Toyoda Mach. USA, Corp.*, 676 F. Supp. 2d 823, 830-31 (D. Minn. 2009).  Although a different court could ultimately reach a different decision on the application of the law to the particular facts of this case, Defendants have failed to establish that the Court's choice-of-law decision rested on an issue of law that presents a substantial ground for difference of opinion.  *See Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) ("That settled law might be applied differently does not establish a substantial ground for difference of opinion."); *cf. Frazier*, 2015 WL 8779872, at *4 ("[T]he dearth of case law addressing choice of law under the exact facts of this case is not a reason to conclude there are substantial grounds for a difference of opinion.").

Finally, considering the third factor, Defendants emphasize that this case is at an early, pre-discovery stage.  According to Defendants, this case is likely to settle as soon as "the parties have a conclusive decision on the choice of law issue." (Doc. No. 49 at 9.) Defendants also suggest that the differing number of claimants available under Wisconsin law could alter the scope of discovery and the nature of any potential settlement.  Plaintiff disputes that an interlocutory appeal would materially advance the termination of litigation, arguing that "neither party would have a sudden incentive to settle in the unlikely event that the Eight[h] Circuit reverses the application of Minnesota law." (Doc. No. 52 at 7.)  Plaintiff also suggests it is unlikely that the Court's choice-of-law decision would be reversed on appeal, resulting in unnecessary delay and costs to both parties.

Ultimately, even if the Court were to conclude that the choice-of-law decision in this matter presented a controlling question of law over which there is a substantial ground for difference of opinion, the Court would decline to certify this matter for interlocutory appeal because Defendants have not met their burden to establish that an appeal may materially advance the ultimate termination of the litigation. Importantly, this is not the extraordinary case where an immediate appeal and reversal of this Court's initial decision would save the parties substantial time and expense. To be sure, the application of Wisconsin law over Minnesota law would change the scope of discovery and trial in this matter. However, Defendant has not articulated how these differences would materially accelerate this case's resolution. Plaintiff strongly disputes the likelihood of settlement if the Court's choice-of-law determination is reversed, and it is possible that an immediate appeal would in fact prolong the duration of this case.

In sum, because it is not clear that an immediate appeal of the Court's application of settled law to the unique facts of this case would have the potential to speed up this case's resolution, the Court finds that it would be more appropriate to permit this matter to proceed in the normal course. Defendants retain the right to appeal the Court's choice-of-law determination upon final judgment, but this is not the extraordinary case in which interlocutory appeal is warranted. Accordingly, Defendants' motion is denied.[1]

---

[1] Plaintiff argues that Defendants' motion is also flawed due to the alleged procedural deficiency of not applying to the Eighth Circuit within ten days of the Court's prior order and because the Court's April 18, 2018 Order did not state the required grounds for immediate appeal. However, these requirements may be fulfilled following a motion such as the one brought Defendants here upon the Court's amendment of its

(Footnote Continued on Next Page)

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Certify Choice of Law Order for Interlocutory Appeal (Doc. No. [48]) is **DENIED**.

Dated: May 31, 2018	s/Donovan W. Frank
	DONOVAN W. FRANK
	United States District Judge

---

(Footnote Continued From Previous Page)
original order. *See* 16 Charles Alan Wright, et al., *Federal Practice and Procedure* § 3929 (3d ed. Apr. 2018 Update) ("The ten-day limit for seeking permission to appeal runs from entry of the district court order certifying the underlying order for appeal, not from entry of the underlying order itself."); *see also Estate of Storm v. Nw. Iowa Hosp. Corp.*, 548 F.3d 686, 688 (8th Cir. 2008) ("An appellant's failure to file an application for permission to appeal in this court within ten days of the district court's *certification* is a jurisdictional defect under § 1292(b)." (emphasis added)). Thus, Defendants' motion is not flawed for these procedural reasons.